COMMONWEALTH *vs.* DENNIS GALAVAN.

An indictment for mingling poison with food or drink, under Gen. Sts. *c.* 160, § 32, need not contain an averment that the mixture was poisonous, or that the defendant knew it to be so.

Statements made which implicate another in a crime, under such circumstances that he might have heard the same, and if so would naturally have contradicted them if untrue, may, if he did not reply to them, be submitted to the jury, on the trial of an indictment against such person for the crime, with instructions that they are to determine whether or not he in fact heard the same, and, if he did, that his omission to reply may be considered by them as evidence against him.

A question put by the presiding judge to a witness cannot be objected to as leading.

INDICTMENT under Gen. Sts. *c.* 160, § 32,* charging that the

* This section is as follows : " Whoever mingles any poison with food, drink or medicine, with intent to kill or injure another person, or wilfully poisons any spring, well or reservoir of water, with such intent, shall be punished by imprisonment in the state prison for life, or any term of years."

defendant " feloniously, wilfully and maliciously did mix and mingle a large quantity, to wit, one hundred grains, of a certain deadly poison, called cantharides, otherwise called Spanish flies, with the drink of one Mary Galavan, . . . . . then and there well knowing that the said cantharides, otherwise called Spanish flies, was a deadly poison, . . . . . . . with intent thereby, then and there, the said Mary Galavan feloniously, wilfully and of his malice aforethought, to injure and kill."

At the trial in the superior court, before *Brigham*, J., after the introduction of other evidence tending to prove the indictment, Mrs. Gaffery was called as a witness on the part of the Commonwealth, to testify to declarations of Mary Galavan, who was the wife of the defendant. The witness testified that, when Mrs. Galavan began to make her statement, the defendant was just leaving the room, which was about thirteen feet square, but stopped in a small entry, just large enough to open and close a door, between the bedroom and kitchen, as soon as she began to speak; that she spoke in a natural and ordinary tone of voice, and he could hear her.

The defendant objected to this evidence, and in reply to further questions by the judge the witness stated that he stood about in the middle of the entry while his wife was talking, and as soon as she had finished left the entry and went into the kitchen. Among the questions put by the judge was this: " Did the defendant appear to be listening? " to which the witness answered, " Yes." Upon cross-examination the witness testified that she was in such a position that the defendant was in full sight, while his wife was talking, but she could not say whether his face or his back was turned towards the bedroom.

The witness was thereupon allowed to testify to declarations by Mrs. Galavan, which were relied upon in support of the indictment, and the judge submitted to the jury the question, under instructions which were not excepted to, whether the defendant heard the statements of his wife, under circumstances which indicated that he understood and appreciated their relation to himself, and which reasonably called upon him to reply to or deny them.

The jury returned a verdict of guilty. The defendant moved in arrest of judgment, because the indictment contained no averment that the cantharides, as mixed and mingled with the water, was poisonous, or known by the defendant to be so; but the motion was overruled. The defendant alleged exceptions.

*J. A. Gillis & R. S. Rantoul*, for the defendant, cited *Larry* v. *Sherburne*, 2 Allen, 35 ; *Commonwealth* v. *Harvey*, 1 Gray, 487 ; *Commonwealth* v. *Eastman*, 1 Cush. 189 ; *Commonwealth* v. *Kenney*, 12 Met. 235 ; 1 Greenl. Ev. § 199.

*Foster*, A. G., for the Commonwealth.

GRAY, J. This indictment is founded on the Gen. Sts. *c.* 160, § 32, which provide for the punishment of " whoever mingles any poison with food, drink or medicine, with intent to kill or injure another person." The indictment duly alleges that the defendant mingled poison with water, which he knew was to be drunk by his wife, and with intent to kill and injure her. This is sufficient. The statute does not require that the mixture should be or be known to be poisonous, and the indictment need not therefore allege that it was.

The statements of the defendant's wife, while in a room connected by an open door with the narrow entry in which the defendant was standing, related to acts done ·by the defendant or in his presence. They were made in the defendant's own house, in the absence of any officer of the law or anything which ˙might create constraint or apprehension, and under such circumstances that he might well have heard, and, if he did, must have understood them, and known whether they were true or ˙false, and would have been likely, according to common experience, to reply to them, and contradict them if untrue. ˙ They were therefore admissible in evidence against him, within the rule laid down in the authorities cited by his counsel ; and they were submitted to the jury under proper instructions.

Whether the defendant could hear and appeared to be listening depended on his position and attitude, and might well be estimated and testified to by any one who was present at the time and saw them.

The interrogatory put by the presiding judge to a witness can not be objected to by either party as leading in form.

*Exceptions overruled*